[Civ. No. 8935. Second Appellate District, Division One.—June 19, 1934.]

CITY OF LOS ANGELES (a Municipal Corporation), Respondent, v. ROBERT B. HARPER et al., Defendants; COMMERCIAL IRON WORKS OF LOS ANGELES (a Corporation), Appellant.

Janeway, Beach & Hankey and G. Harold Janeway for Appellant.

Erwin P. Werner, City Attorney, Frederick von Schrader, Assistant City Attorney, and Edward S. Shattuck, Deputy City Attorney, for Respondent.

HOUSER, J.—From the record herein it appears that up to a certain time the Union Pacific Railroad Company had been operating its freight-cars over a spur track which it had constructed in an alley that was fifteen feet wide, and that because of the narrowness of such alley, by an order issued by the state railroad commission, the railroad company was forbidden to continue the operation of its cars over and upon such spur track, unless and until the said alley was widened to a width of seventeen feet; that because of such order a condemnation proceeding was commenced by the plaintiff against several different defendants, including the defendant Commercial Iron Works of Los Angeles, who were the owners of respective properties that abutted upon said alley, and in said action the referees appointed made and returned their report to the trial court, to which report the said defendant duly excepted as to the failure of the referees to award to it any damages alleged to have resulted to said defendant, caused by the

cost of relocating a "private switch" that was owned by said defendant and which connected its property with the spur track of the Union Pacific Railroad Company. On the trial of the issue before the superior court, the evidence disclosed the fact that, at an appropriate time that had preceded the institution of the condemnation proceedings in question, the said defendant had duly protested the proposed widening of the alley in which the spur track was located, but that subsequently thereto, following an understanding had between the defendant and the Union Pacific Railroad Company to the effect that the latter, at its own expense, would relocate the "private switch" of the defendant, the said protest of the defendant was withdrawn. It thus was made to appear that the defendant suffered no pecuniary damage on account of the expense incident to the relocation of defendant's "private switch". On such foundational facts judgment was rendered by the trial court in accord with the said report of the referees; and it is from such judgment that the appeal herein is prosecuted.

▮ It is the contention of the appellant that, relying for authority therefor upon the provision of subdivision 6 of section 1248 of the Code of Civil Procedure, notwithstanding the fact that the relocation of its "private switch" was accomplished without cost to it, nevertheless, since the expense of such relocation of the "private switch" was borne by the railroad company in consideration of the withdrawal by the defendant of its protest to the widening of the alley, the defendant is entitled to have awarded to it the amount of money that was expended by the railroad company in that behalf.

Although in effect by the terms of the statute to which appellant has directed attention, where in a condemnation proceeding it appears that "the removal or relocation of structures or improvements is sought, the cost of such removal or relocation" is a proper item of damage, nevertheless this court is of the opinion that such a result may be proper only where it also appears that the cost of such removal or relocation was borne by the owner of the affected property. Section 14 of article I of the Constitution, which is the basic law upon which compensation to the owner of property taken in condemnation proceedings depends, provides that for a public use private property shall not be

taken or condemned without "just compensation" having been made to the owner thereof. But it is obvious that unless by the condemnation of the property the owner thereof has suffered an actual loss in some specified particular, he should receive no compensation on that account by reason of such condemnation. In other words, in the administration of ordinary justice, he should not be paid for a loss which he has not sustained. The fact that someone else may have borne the burden, together with any expense incident to making good to the owner that which otherwise would have resulted in a loss to him, affords no reason why the owner should be paid the amount laid out by another.

The clear intention of the constitutional provision is that the owner of property taken under the power of eminent domain shall be made whole for his loss and shall be recompensed in an amount of money equal to the actual loss which he has suffered by reason of such condemnation. It does not contemplate that such an owner may make a profit over and above the detriment, expressed in dollars and cents, that he has sustained.

The judgment is affirmed.

Conrey, P. J., and York, J., concurred.